FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiff
APARTMENT ASSOCIATION
OF GREATER LOS ANGELES,
in its representative capacity
on behalf of its association
members

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARTMENT ASSOCIATION OF GREATER LOS ANGELES, in its representative capacity on behalf of its association members, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, a municipal corporation; AND DOES 1 THROUGH 10 INCLUSIVE, <br><br> Defendants. | Case No. CV17-152 <br><br> FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF <br><br> [Violation of Federal Civil Rights - 42 U.S.C. Section 1983] <br><br> **DEMAND FOR JURY TRIAL** |

1

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff APARTMENT ASSOCIATION OF GREATER LOS ANGELES ("Plaintiff," or "AAGLA") hereby files the following First Amended Complaint by right and states and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343(a)(3). This action, which arises under the laws and Constitution of the United States, specifically, under the Fourth and Fourteenth Amendments, and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF LOS ANGELES ("Defendant" or "City"), is a public entity in this District and the claims arose in this District.

## PARTIES

3. AAGLA is Southern California's leading advocate for affordable quality housing whose principal place of business is 621 Westmoreland Avenue, Los Angeles, CA 90005.

4. The City is a municipal corporation formed and operating under its local charter and the laws of the State of California.

5. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to him at this time. Plaintiff is informed and believes and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurences herein referred to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiff sues said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## PRELIMINARY FACTUAL HISTORY

6. AAGLA is a trade association that is over 100 years old and is Southern California's leading advocate for affordable quality housing.

7. AAGLA's members consist of apartment owners.

8. AAGLA was founded to provide education and information to its members.

3

9. AAGLA advocates to protect the rights of its members and it also promotes fair housing policies and the use of best practices in the property housing and rental management industry which benefits the public and municipal and state governments.

10. AAGLA'S members own properties that are zoned and classified by the City as being subject to the Rent Stabilization Ordinance ("RSO"). AAGLA brings this action in its representative capacity on behalf of its members.

11. The RSO requires that a property owner or operator not raise rents annually on tenants beyond a certain percentage of the rent per year.

12. On September 27, 2016, the City passed and adopted Ordinance No. 184529 ("Ordinance"), amending the RSO to require that a property owner subject to the RSO, as a condition of obtaining a rental registration statement ("RRS") from the City permitting a property owner to rent units in the City, provide to the City, beginning January 1, 2017, without consent of the property owner, or consent of the property owner's tenants, or a court order as required under the Fourth Amendment of the United States Constitution, a list of tenant rental information for each unit rented including the name of the tenant and the amount of rent charged.

13. The information required to be given to the City as alleged in paragraph 12 is in effect a condition of

4

licensing in that starting in year 2018 the City will not issue a property owner a RRS unless such sensitive business information is divulged to the City.

14. The City has issued to AAGLA'S members, as it has to every other property owner and operator subject to the RSO, a provisional RRS, permitting the renting of units to tenants for 2017 only and without conditioning the giving to the City of the business information in order to issue the RRS.

15. AAGLA's members' tenants also have a fundamental liberty and property interest that protects their privacy under the California Constitution that is a "state created" liberty and property interest incorporated and protected under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

16. The Ordinance in requiring that AAGLA'S members divulge their tenant's sensitive rental information without requiring notice and consent from the tenants or a court order infringes on their tenants fundamental privacy rights protected under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and subjects AAGLA'S members to liability from such tenants both under state and federal law.

5

17. In addition, the Ordinance requires that the tenant rental information be provided to the City by the property owner as a condition of obtaining the RRS, under the City's municipal code a violation of any ordinance carries with it an additional threat of civil and criminal penalties.

Based on the above facts, Plaintiff alleges the following claims:

### FIRST CLAIM FOR RELIEF

(Violation of Civil Rights Under 42 U.S.C. Section 1983 by Plaintiff Against All Defendants)

18. AAGLA realleges and incorporates herein by reference to each and every allegation contained in Paragraphs 1 through 17, and all its subparts, inclusive, as set forth hereinabove.

19. AAGLA is informed and believes, and based upon such information and belief alleges, that in doing all of the things herein mentioned, the City and defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Los Angeles, and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

20. AAGLA is further informed and believes, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-17 above, the City and defendants, and each of them, violates

and further threatens to violate the constitutional and= civil rights of AAGLA'S members, in particular its individual rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from to be free from an unreasonable search and seizure of its property, both on its face under the Ordinance and as applied to AAGLA'S members; and further violates under the Fourth Amendment by imposing under the Ordinance, on its face and as applied to AAGLA'S members, an unconstitutional condition and restriction on its licensing and renting of property in violation of the Fourth Amendment and the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

    21.  AAGLA is further informed and believes, and based upon such information and belief alleges, that by taking the actions hereinabove alleged in paragraphs 1-17 above, the City and defendants, and each of them, violates and further threatens to violate the constitutional and civil rights of AAGLA'S members, in particular its individual rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that similarly situated property owners and operators whose properties are not zoned and classified as subject to the RSO, such as hotels and motels, have not, and are not, being treated by the City as AAAGLA'S members are under the restrictions of the Ordinance.

22. The City's actions described in paragraphs 1-17 above were done pursuant to official policy, custom, or practice of the City.

23. As a proximate result of the foregoing acts of defendants, and each of them, AAGLA'S members are threatened to suffer extreme hardship and damages, which damages include, but is not limited to, economic damages, entitling AAGLA suing on behalf of its members to appropriate declaratory and injunctive relief against all the defendants, and to its reasonable attorneys fees under 42 U.S.C. section 1988.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. For declaratory and injunctive relief;
2. For attorney's fees pursuant to 42 U.S.C. Section 1988;
3. For costs of suit; and
4. For such other and further relief as the Court deems just and proper.

DATED: December 25, 2017

LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for Plaintiff APARTMENT ASSOCIATION OF GREATER LOS ANGELES

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial pursuant to F.R.C.P. 38.

DATED: December 25, 2017        LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
FRANK A. WEISER, Attorney for Plaintiff APARTMENT ASSOCIATION OF GREATER LOS ANGELES