**MICHAEL N. FEUER, City Attorney (SBN 111529)**
**CRAIG TAKENAKA, Man. Asst. City Attorney (SBN 128898)**
**DEBORAH BREITHAUPT, Deputy City Attorney (SBN 170206)**
**OFFICE OF THE LOS ANGELES CITY ATTORNEY**
**City Hall, 200 North Spring Street, 21st Floor**
**Los Angeles, CA 90012-4130**
**Telephone: (213) 922-8382/Facsimile: (213) 922-8373**
**Email: Deborah.breithaupt@lacity.org**

Attorneys for Defendant City of Los Angeles

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARTMENT ASSOCIATION OF GREATER LOS ANGELES, in its representative capacity on behalf of its association members,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>        Defendants. | **CASE NO. CV-17-9306 DMG (JCx)**<br><br>**DEFENDANT CITY OF LOS ANGELES NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Filed Concurrently with Request For Judicial Notice; Exhibit 1 through 4; Declaration of Breithaupt)<br><br>Date:         September 20, 2019<br>Time:         9:30 a.m.<br>Courtroom:  First Street Courthouse<br>                350 West First Street<br>                Courtroom 8C, 8th Floor<br>                Los Angeles, CA 90012<br><br>Trial Date:  December 3, 2019<br>FPTC Date: November 5, 2019 |

1

DEFENDANT CITY'S MOTION FOR JUDGMENT ON THE PLEADING

**TO THE COURT, ALL PARTIES AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Friday, September 20, 2019 at 9:30 a.m. or as soon as thereafter the matter may be heard in the above-entitled Court located at the First Street Courthouse, 350 West First Street, Courtroom 8C, 8th Floor, Los Angeles, CA 90012, Defendant City of Los Angeles will and hereby does move this Court Judgment pursuant to its Motion for Judgment on the Pleading filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

**Local Rule 7-3 Pre-Filing Conference**: This Motion was made following a Local Rule 7 - 3 Pre-Filing Conference of Counsel occurring on or about June 5, 2019 between Plaintiff's counsel Frank Weiser of the Law Offices of Frank Weiser and Defendant's counsel Deborah Breithaupt of the Office of the Los Angeles City Attorney. Declaration of Breithaupt ¶¶ 7, 12 – 15; Exhibit 1. Despite conducting a lengthy discussion about the legal merits of the instant case and Motion, and when considering two related Rent Registry Ordinance – facial challenge cases recently filed by Mr. Weiser against the cities of Beverly Hills and San Jose that were dismissed as a matter of law on nearly identical issues[1] (Declaration of Breithaupt ¶¶ 5 – 6, 8, 12), the parties were unable to reach a resolution that eliminates the necessity of a hearing on the City's Motion.

The First Amended Complaint For Declaratory and Injunctive Relief should be dismissed as a matter of law on the following grounds:

---

[1] It is believed that appeals were filed in both cases.  It is acknowledged these cases may not have final judgment.  Nonetheless, the legal analysis provided by the respective Court in their orders of dismissal should be afforded full faith and credit until overturned to promote comity and dissuade forum shopping, and because Plaintiff AAGLA was a party in the Beverly Hills case and in this case establishing an identity of interest.

2

1. Plaintiff's Section 1983 Claims Do Not Allege Any Facts.

2. The Licensing Conditions Claim Is Not Colorable.

3. No Fourth Amendment Unlawful Search Or Seizure Is Alleged.

4. No Plausible Facial or As-Applied Claims Are Alleged.

5. No Procedural Due Process Claim Has Been Alleged Or Is Ripe For Review.

6. No Equal Protection Claims Has Been Alleged.

7. No Substantive Due Process Claim Has Been Alleged.

8. No Claim For Injunctive Or Declaratory Relief Has Been Alleged.

This Motion will be based on this Notice of Motion; the Notice of Motion and Memorandum of Points and Authorities filed in support of the Motion for Judgment on the Pleadings; Declaration of Breithaupt which authenticates all exhibits; Exhibits 1 through 5 filed concurrently herewith; the pleadings, papers and Court orders on file herein; and on such argument as may be presented at the hearing.

Dated:  July 26, 2019          MICHAEL N. FEUER, City Attorney
                               CRAIG TAKENAKA, Man. Asst. City Attorney
                               DEBORAH BREITHAUPT, Dep. City Attorney

                       By:_____/s/_____
                               DEBORAH BREITHAUPT
                               Deputy City Attorney

                       Attorneys for Defendant City of Los Angeles

3

DEFENDANT CITY'S MOTION FOR JUDGMENT ON THE PLEADING

# MEMORANDUM OF POINTS AND AUTHORITIES

## A.    ALLEGATIONS.

Plaintiff Apartment Association of Greater Los Angeles ("AAGLA") is a trade organization who is suing the City of Los Angeles ("City") in a representative capacity on behalf of its landlord members who own residential rental property in the City that is subject to the Rent Stabilization Ordinance (Exhibit 3, pgs. 11 – 12, LAMC § 151.00 *et. seq.* "RSO").  First Amended Complaint ("FAC") ¶ ¶ 6, 7, 10.  AGGLA's claims arise from the recently enacted Rent Registry Ordinance (Exhibit 3, LAMC § 151.05, "RRO", effective October 4, 2016) that requires RSO property owners, without their consent, to register the rent charged for each rental unit during their annual RSO registration process.  FAC ¶ 12.  Registration of an RSO unit is complete only when all outstanding registration fees have been paid and all rental amounts and emergency contact information have been provided. Exhibit 3, pg. 11 – 13, LAMC § 151.00.A and B.

Plaintiff's First Amended Complaint ("FAC") alleges federal facial and as-applied claims under 42 U.S.C. § 1983 for "Declaratory and Injunctive Relief" [*See* FAC caption] asserting a hotchpotch of challenges to the RRO under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including: (1) invasion or privacy/unreasonable search and seizure of property without consent or warrant in violation of the Fourth Amendment (FAC ¶ 20); (2) substantive and procedural due process violations under the Fourteenth Amendment arising from alleged unlawful RRO licensing conditions and restrictions placed upon on the business of renting of RSO rental units (FAC ¶ 20); and (3) Fourteenth Amendment equal protection violation because non-RSO landlords do not have rent registration requirements (FAC ¶ 21).

1

1

2

3

## B. THE HOUSING CRISIS AND CITY'S POLICE POWERS TO ENACT THE RENT STABILIZATION ORDINANCE.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

In California, securing the availability of housing is of vital statewide importance. Cal. Gov't Code § 65580(a). It is beyond dispute that Los Angeles has a rental housing crisis. Gov't Code § 65009(a)(1); Exhibit 3, pgs. 2-3, LAMC § 151.01. The Tenth Amendment of the United States Constitution and California constitution art XI delegate police powers to local governments. *Birkenfeld v. City of Berkley* (1976) 17 Cal. 3d 129, 140. California Constitution art. XI, § 7 confers upon all cities the power to make/enforce within their limits all local, police, sanitary, and other ordinances not in conflict with general laws. A municipality like the City of Los Angeles has general police powers to regulate the use of real property in its jurisdiction to promote the public health and welfare. Cal. Const., art. XI, § 7; *Big Creek Lumber Co. v. County of Santa Cruz* (2006) 38 Cal. 4th 1139, 1151–1152.

18

19

20

21

22

23

24

25

26

27

28

The City's police powers in the land use context (such as renting RSO apartments) includes the ability to limit economic incentives to engage in a transaction. *See Griffin Dev. Co. v. City of Oxnard* (1985) 39 Cal. 3d 256, 262-266. Municipal decisions that restrict a property owner's return on their property, increase the cost of doing business, or reduces profits are considered impacts on economic interests, rather than on fundamental vested rights. *See E.W.A.P Inc. v. City of Los Angeles* (1997) 56 Cal. App. 4th 310, 325." Federal law establishes that price controls are a constitutionally permissible means to achieve a municipality's legitimate public purposes provided such controls are not arbitrary, discriminatory or

2

1  demonstrably irrelevant to policy objectives. See *Nebbia v. New York*
2  (1934) 291 U.S. 502, 539, 78 L. Ed. 940, 54 S. Ct. 505.

3       Judicial notice is requested under Fed. R. Evid. 201(b) that the City of
4  Los Angeles is a charter city and municipal corporation operating under the
5  laws of the state of California. The *Petris Act* (Exhibit 5, Civil Code §
6  1947.7) controls the field of rent stabilization ordinances having rent
7  registry requirements and directs public entities may collect rent data.
8  Exhibit 3, pgs. 2-3, LAMC § 151.01, ¶ 6; Exhibit 3, pgs. 11 - 20, LAMC
9  §151.04.A; LAMC § 151.05, § 151.06. The City's Rent Stabilization
10 Ordinance or "RSO" (Exhibit 3, LAMC § 151.00 *et. seq.*) was enacted in
11 May 1979 to stem the shortage of affordable housing, especially for low-
12 income people.  Exhibit 3, pg. 1, LAMC § 151.01 "Oper. 5/1/79". The City's
13 Housing + Community Investment Department ("HCID") is empowered to
14 implement the RSO at RSO designated residential rental properties owned
15 by AGGLA's members. Exhibit 3, pgs. 2-3. Historically, the RSO has
16 empowered the City to collect rent data from RSO landlords to adjudicate
17 an array of issues involving permissible rent levels. *See* Exhibit 3, pgs. 4-5,
18 LAMC § 151.02 Definition of Maximum Adjusted Rent and Maximum Rent;
19 Exhibit 3, pg. 11, LAMC § 151.04 Restriction On Rents; Exhibit 3, pgs. 11-
20 12, LAMC § 151.05.A requiring rent registration before collecting rent;
21 Exhibit 3, pg. 12, LAMC § 151.05.C requiring maintenance of rent records.

**C.   THE CITY'S RENT REGISTRY ORDINANCE.**

       The RSO mirrors the state *Petris Act* (Exhibit 5) in mandating
landlords of rent controlled units to register the rent they charge tenants.
Exhibit 5, pg. 2 at (b), (g); pg. 3 at (c). Under the RSO, no landlord shall
demand/accept rent for a rental unit without first procuring and serving on

3

DEFENDANT CITY'S MOTION FOR JUDGMENT ON THE PLEADING

the tenant or displaying in a conspicuous place a valid written rent registration statement.  Exhibit 3, pgs. 11-12, LAMC § 151.05.A.

Before enactment of the RRO, all RSO landlords were required to annually obtain an HCID rent registration statement that was issued upon payment of applicable RSO fees and providing emergency contact information. Exhibit 3, pg. 11-12, LAMC § 151.05.A-B.  Effective October 4, 2016, the RSO, through the RRO, requires RSO landlords to submit per-unit rent data (Exhibit 3, pg. 14-15, LAMC § 151.05.J; Ordinance 184,529) along with their fees and emergency contact information[1]. The RRO (similar to the *Petris Act,* Civil Code § 1947.7) does not impose penalties if a landlord tries in good faith to substantially comply with the RRO. Exhibit 3 (RSO), pg. 14-15, LAMC § 151.05.J.2-3; Exhibit 5 (*Petris Act*), pg. 2, CC § 1947.7(b), ¶ 3. Facially, the RRO allows for the collection of the amount of rent charged in RSO rental properties to enable the City to manage its rental housing crisis, stating:

> 1.    A landlord shall provide rent amount and tenancy information for every rental unit subject to this chapter on a form prescribed by the Department.  This information shall be submitted annually by the last day of February of each year.  Registration is complete only when all outstanding registration fees have been paid  and  all  required  rent  amount  and  tenancy information,  including  emergency  contact  information,  is provided.

---

[1] The judicially noticeable HCID 2018 Annual Rent Registry Form (Exhibit 4) shows that each RSO landlord is asked to disclose by the last day of February each year, for each rental unit, the following information: "Street Number; Street Name; Unit Number; # of Bedrooms; Move-In Date MM/YYY; Effective Date of Last Rent Increase MM/YYYY; and Current Monthly Rent."  Exhibit 4. No tenant names are requested. *Id.*

4

DEFENDANT CITY'S MOTION FOR JUDGMENT ON THE PLEADING

2. The Department shall provide written notification to the landlord of the failure to comply with this subsection and allow 15 calendar days to respond. The Department will not issue a registration statement for the property until the landlord has substantially complied by providing the required rental information as provided by applicable law.

3. Any landlord disputing the Department's notification of deficient registration may file a written appeal within ten calendar days of the date of the notice of deficiency. The Department shall provide a written notice within 30 calendar days of its appeal decision which shall be a final administrative decision. The Rent Adjustment Commission may promulgate regulations to implement these provisions.

## D.   STANDARD OF REVIEW.

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgement on the pleadings is proper when the moving party establishes on the face of the pleading that no material issue of facts remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc v. Richard Feiner & Co.* (9th Cir. 1989) 896 F. 2d 1542, 1550. The court accepts as true all facts alleged in the complaint and construes them in the light most favorable to the non-moving party. See *Fleming v. Pickard* (9th Cir. 2009) 581 F. 3d 922, 925. Granting a Rule 12(c) motion is proper when the plaintiff fails to alleger enough facts to state a facially plausible claim. *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 570, 127 S. Ct. 1995; *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678, 129 S. Ct. 1937, 1949. A claim is facially plausible if the factual allegations allow the Court to draw a reasonable inference that the defendant is liable for the misconduct

5

alleged. *Ashcroft v. Iqbal, supra,* 556 U.S. at 678; *Caviness v. Horizon Cmty. Learning Ctr. Inc.* (9th Cir. 2010) 590 F. 3d 806, 812.

A party challenging the facial validity of a legislative land use measure has the burden of demonstrating that it lacks a reasonable relationship to the public welfare. *Goldblatt v. Hempstead* (1962) 369 U.S. 590, 596. Rent control ordinances that restrict business profits do not implicate divestment of a vested fundamental property interest. See *San Marcos Mobilehome Park Owners' Assn. v. City of San Marcos* (1987) 192 Cal. App. 3d 1492, 1502 (holding denial of rent increase application only restricted return on property; it does not force owner out of business or affect his right not to have his property taken away from him). A landlord's interest in keeping rent information confidential cannot be fairly said to affect a "fundamental" right because such disclosures promote compelling state interests in a regulated business and these requests are narrowly tailored to effectuate only that interest. As such, any challenge to the RRO as alleged in the FAC would be subject to the deferential test of whether the legislation is reasonably related to a legitimate governmental purpose.

## E.   ARGUMENT.

### 1. Plaintiff's Section 1983 Claims Do Not Allege Any Facts.

"Standing requires a showing of injury in fact, causation, and redressability." *Nat'l Res. Def. Council v. EPA* (2006) 437 F. Supp. 1137, 1143. Article III limits federal court jurisdiction to cases and controversies supported by evidence showing: "(1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *Salmon Spawning & Recovery Alliance v. Gutierrez* (9th Cir. 2008) 545 F.3d 1220, 1225. The injury-in-fact

6

1
2
3
4
5
6
7
8

must be concrete and particularized; there must be a causal connection between the injury and defendant's conduct or omissions; and there must exist a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 560-561, 112 S. Ct. 2130, 2136.  Courts are obliged to evaluate subject matter jurisdiction *sua sponte. United Investors Life Ins. Co. v. Waddell & Reed, Inc.* (9th Cir. 2004) 360 F. 3d 960. 966.

9
10
11
12
13
14
15
16
17
18

    To allege a Section 1983 claim, Plaintiff must allege facts sufficient to establish an individual deprivation by a person acting under color of state law, of the rights, privileges and immunities provided by the Constitution. See *Butler v. Elle* (9th Cir. 2002) 281 F. 3d. 1014, 1021. Specific facts must be pled that indicate that a violation has occurred. *Jones v. Community Redevelopment Agency.* (9th Cir. 1994) 733 F.2d. 646, 650-651. The elements for a Section 1983 claim include: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles* (9th Cir. 2006) 442 F.3d 1178, 1185.

19
20
21
22
23
24
25
26
27
28

    AAGLA's FAC alleges 42 U.S.C. § 1983 claims challenging the RRO as: (1)an  invasion of privacy/unreasonable search and seizure of property without consent or warrant in violation of the Fourth Amendment (FAC ¶ 20); (2) substantive and procedural due process violations under the Fourteenth Amendment due to alleged unlawful RRO licensing conditions and restrictions placed upon on the business of renting of RSO rental units (FAC ¶ 20); and (3) Fourteenth Amendment  equal protection violation because non-RSO landlords do not have rent registration requirements (FAC ¶ 21).  An entrepreneur who embarks upon a regulated business has voluntarily chosen to subject him/herself to a full arsenal of lawful

7

governmental regulations. *Marshall v. Barlow's, Inc.* (1978) 436 U. S. 307, 313, 98 S. Ct. 1816, 56 L. Ed. 2d 305; *City of Los Angeles v. Patel* (2015) 135 S. Ct. 2443, 2459.  Examination of the pleading shows that it merely parrots constitutional language in FAC ¶¶ 20-21 without any supporting allegations that raise an inference that a Section 1983 violation has occurred. The RRO facially implements the state *Petris Act* and is narrowly tailored to apply only to RSO properties which HCID regulates. The RRO does not require the production of business records and does not involve any inspections. Rather, the RRO allows for the tracking of rent data which is neither personal in nature nor aimed at the discovery of evidence of crime. No facts support the Section 1983 claims.  Because the Section 1983 challenges are theoretical and conclusory, the Motion should be granted.

## 2. **The Licensing Conditions Claim Is Not Colorable.**

AGGLA alleges a Fourteenth Amendment claim that the RRO contains unlawful licensing conditions.  Such claim is unintelligible and reflects conjecture unsupported by any particular allegations. Additionally, the licensing conditions allegations fail to allege a Section 1983 claim because any potential "unconstitutional conditions" doctrine would only limit the City's ability to exact waivers of rights as a condition of benefits and no such conditions are alleged to apply to the RRO Ordinance. *See United States v. Scott* (9th Cir. 2006) 450 F. 3d 863, 866. Equally problematic is that a condition precedent to an unconstitutional condition claims is that the government could not have constitutionally ordered the person to produce what is contested (*Koontz v. St. Johns River Mgmt. Dist.* (2013) 570 U.S. 595, 612, 133 S. Ct. 2586, 186 L. Ed. 2d 697) and here the City has a mandate under state local and local emergency to embrace the City's RSP

8

rental housing stock for the public health and welfare. On these grounds, the Motion should be granted as to the unlawful licensing claim.

### 3. **No Fourth Amendment Unlawful Search Or Seizure Is Alleged.**

The Fourth Amendment's prohibition against unreasonable seizures applies to the states through the Fourteenth Amendment. *Soldal v. Cook Cnty.* (1992) 506 U.S. 56, 61, 113 S. Ct. 538, 121 L. Ed. 2d 450 (citation omitted).  The Fourth Amendment does not proscribe all state-initiated searches and seizures; only those that are unreasonable. *Florida v. Jimeno* (1991) 500 U.S. 248, 250, 111 S. Ct. 1801, 114 L. Ed. 2d 297.  The crux of the Fourth Amendment is whether a person has a constitutionally protectable reasonable expectation of privacy.  *California v. Ciraolo* (1986) 476 U.S. 207, 211, 106 S. Ct 1809, 90 L. Ed. 2d 210.   A reasonable expectation of privacy has two parts: (1) that a person has an actual subjective expectation of privacy, and (2) that the subjective expectation of privacy is one that society is prepared to recognize.  *Katz v. United States* (1967) 389 U.S. 347, 361, 88 S. Ct. 507, 19 L. Ed 2d 576. Notably, when analyzing a facial challenge alleging unlawful searches/seizures, "(t)he cardinal principle of statutory construction is to save and not to destroy." *NLRB v. Jones & Laughlin Steel Corp.* (1937) 301 U.S. 1, 30; 57 S. Ct. 615; 81 L. Ed. 893.

Plaintiff AGGLA bases its Fourth Amendment claim principally upon the holding in *City of Los Angeles v. Patel* (2015) 135 S. Ct. 2443, 192 L. Ed. 2d 435, 2015 LEXIS 4065 and claims that the RRO does not provide landlords with an opportunity to object to producing rent registry data nor any opportunity to pre-compliance review. However, these conclusory claims reflect conjecture that facially contradicts the RRO which states landlords have appeal right that may be exercised within ten days of notice

9

DEFENDANT CITY'S MOTION FOR JUDGMENT ON THE PLEADING

1  of a submission deficiency.  Nor is AGGLA's FAC supported by any claims
2  of an illegal search or seizure of business records.  Indeed, no production
3  of business records is facially required under the RRO. Just because
4  AGGLA considers their rent information as a private business affair does
5  not transform these conclusions into an unconstitutional search or seizure.
6  No trespass onto private property is claimed to have occurred.
7
8        AGGLA's landlords have no reasonable expectation of privacy in their
9  rent data submitted under the RRO because such information is routinely
10  submitted to the City to determine, for example, maximum rents, allowable
11  rent increases, and rent restrictions. *See* Exhibit 3, pgs. 4-5, LAMC §
12  151.02 Definition of Maximum Adjusted Rent and Maximum Rent; Exhibit 3,
13  pg. 11, LAMC § 151.04 Restriction On Rents; Exhibit 3, pgs. 11-12, LAMC
14  § 151.05.A requiring rent registration before collecting rent.  In *San*
15  *Francisco Apartment Assn. v. City & County of San Francisco* (9th Cir.
16  2018) 881 F. 3d. 1169, the Ninth Circuit supported this conclusion finding
17  that a residential landlord's production to the city of tenant buy out
18  agreements containing business information that was placed onto a public
19  server did not allege a privacy interest rising to the level of a constitutional
20  claim because such information was regularly shared with the city during
21  other transactions. The RSO rental housing crisis and public need to gather
22  real time rent data to enable the City to engage in land use (housing)
23  planning and regulation are legitimate governmental objectives which to
24  RRO furthers. The lack of any facts about any compelled or coerced
25  search, seizure or inspections facially falls outside the Fourth Amendment
26  warranting dismissal of the Fourth Amendment claim.
27  / / /
28  / / /

10

DEFENDANT CITY'S MOTION FOR JUDGMENT ON THE PLEADING

### 4. **No Plausible Facial or As-Applied Claims Are Alleged**.

Straight facial claims involve singular, discrete injuries occurring at the time the statute is enacted. *Carson Harbor Village Ltd. v. City of Carson* (9th Cir. 1994) 37 F. 3d 468, 476.  A plaintiff challenging the validity of a law on its face must establish that no set of circumstances exists under which the act would be valid. *United States v. Peeples* (2010) 630 F.3d 1136, 1138.  The remedy on a facial challenge is striking down the regulation. An as-applied challenge concedes that the challenged regulation may be valid, but that its application to a particular property is not valid.  In the case of a successful as-applied challenge, the remedy is an injunction preventing the unconstitutional application of the regulation to the plaintiff's property. *Eide v. Sarasota County* (11th Cir. 1990) 908 F. 2d 716, 722.

Plaintiff AAGLA has not alleged any facts about actually sustaining an injury-in-fact nor invasion of a legally protected interest related to the RRO. AAGLA has grounded its claims resting upon the third party tenant privacy rights as to the rent they pay and otherwise relies upon mere commercial interests to keep their business affairs private which does not rise to the level of a constitutional injury.  Because there are literally no as-applied facts alleged, the pleading fails to state any actionable as-applied claims. There are no facts alleged that would support a conclusion that there is no set of circumstances under which the RRO would be valid, thereby gutting all facial challenges.  On all of these grounds, all facial and as-applied claims should be dismissed as a matter of law.

### 5. **No Procedural Due Process Claim Has Been Alleged Or Is Ripe For Review**.

Procedural due process claims have two elements: (1) a protectable liberty or property interest, and (2) a denial of adequate procedural

11

protections. *Thornton v. City of St. Helens* (9th Cir. 2005) 425 F.3d 1158, 1167. "A person seeking a benefit provided by the government has a property interest in the benefit for purposes of procedural due process only if the person has a legitimate claim of entitlement to it." *Las Lomas Land Co., LLC v. City of Los Angeles* (2009) 177 Cal. App. 4th 837, 853, quoting *Board of Regents v. Roth* (1972) 408 U.S. 564, 569, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548).

A procedural due process claim under 42 U.S.C. §1983 is not cognizable when a state's post-deprivation remedies are adequate to protect a plaintiff's procedural due process rights. *Lake Naciemiento Ranch Co. v. County of San Luis Obispo* (9th Cir. 1987) 841 F. 2d. 872, 879-880. To allege a ripe controversy, the Plaintiff must suffer or be threatened with suffering an injury of sufficient magnitude to reasonably assure the relevant facts and issues will be adequately presented for judicial determination. *City of Irvine v. Irvine Citizens Against Overdevelopment* (1994) 25 Cal. App. 4th 868, 874. A claim for damages is not ripe for adjudication if "... it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Contra Costa County Sheriffs Ass'n v. Mitchoff* (N.D. Cal. Mar. 24, 2015) 2015 U.S. Dist. LEXIS 37148, 202 L.R.R.M. (BNA) 3555.

When an administrative tribunal is created by the Legislature, the requirement of exhaustion of administrative remedies is jurisdictional. *George Arakelian Farms Inc. v. Agricultural Labor Relations Bd.* (1985) 40 Cal. 3d 654, 661. California Code of Civil Procedure ("CCP") §1094.5 provides a writ of mandate procedure to challenge an administrative action. *Patel v. City of Los Angeles* (9th Cir. 2002) 47 Fed. Appx. 799, 801 (stating California "provides adequate post-deprivation remedies" under CCP §

12

DEFENDANT CITY'S MOTION FOR JUDGMENT ON THE PLEADING

1094.5 and that a due process claim under Section 1983 is not cognizable if adequate post-deprivation remedies have not been exercised); *Arroyo Vista Partners v. County of Santa Barbara* (C.D. Cal. 1990) 732 F. Supp. 1046, 1053 (dismissing procedural due process claim due to available adequate state remedies under CCP § 1094.5.) Under Code of Civil Procedure § 1094.6, a Petition for Writ of Mandate must be filed not later than the 90th day following the date on which the agency decision becomes final.  A petitioner filing a writ has the burden of pleading the facts upon which its claims are based.  *Riverside Sheriff's Ass'n v. County of Riverside* (2003) 106 Cal. App.4th 1285, 1289.

Here, AGGLA does not allege that any of its members ever exhausted available RRO remedies which could have been challenged as a final agency decision in a state writ filed under CCP § 1094.5 or § 1085. The pleading, therefore, fails to state a facially plausible procedural due process claim upon which an injury could be established for failure to exhaust. Since the AGGLA landlords never alleging having exercise their RRO appeal and writ rights, no procedural due process claim is ripe for review nor has been alleged, and the Motion should be granted.

### 6. No Equal Protection Claims Has Been Alleged.

Landlord are not a protected class.  *Sylvia Landfield Tr. v. City of Los Angeles* (9th Cir. 2013) 729 F.3d 1189, 1191. The equal protection clause requires that persons who are similarly situated be treated alike. *Habitat Tr. For Wildlife, Inc. v. City of Rancho Cucamonga* (2009) 175 Cal. App. 4th 1306, 1323.  A plaintiff may allege an equal protection claim by alleging facts showing that the defendant discriminated against him/her/it based upon membership in a protected class. *Comm. Concerning Cmty. Improvement v. City of Modesto* (9th Cir. 2009) 583 F. 3d 690, 702-703.

13

DEFENDANT CITY'S MOTION FOR JUDGMENT ON THE PLEADING

Inquiries in an equal protection analysis examine whether the legislation at issue operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the constitution, thereby requiring strict judicial scrutiny. *San Antonio Indep. Sch. Dist. v. Rodriguez* (1973) 505 U.S. 1, 10. Here, Plaintiffs are not members of a protected class. Additionally, there are no facts raising an inference that the RRO is not equally applied to all RSO landlords. Since no differential treatment is alleged, no equal protection claim exists warranting dismissal.

### 7. **No Substantive Due Process Claim Has Been Alleged.**

Plaintiff's substantive due process claim fails to state a claim because it is preempted by other constitutional claims under the rule of *Graham v. Connor*, 490 U.S. 386, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989). "The specific guarantees of the first Eight Amendments stake out reliable limits to the exercise of government authority in particular situations. Thus, where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" (citation omitted)." *Id* at 1319. The crux of this lawsuit is the City's land use rent control regulation impacting the Plaintiff's supposed property rights which would be analyzed under the due process clause or possibly the Fifth Amendment, and not the substantive due process clause. Even if a valid substantive due process claim had been alleged, which is not conceded, the RRO is well grounded in helping to resolve the declared housing crisis that exists citywide.

Under the Fourteenth Amendment, a law regulating or limiting the use of real property for the public welfare does not violate substantive due process as long as it is reasonably related to the accomplishment of a

14

legitimate governmental interests. *Guinnane v. San Francisco City Planning Com.* (1989) 209 Cal. App. 3d 732, 740-741. The RRO is facially reasonably and rationally related to the preservation of rent controlled housing by providing HCID with actual land use/rent data concerning RSO properties. Requiring landlords to submit annual rent data as a condition for exercising the commercial benefit of obtaining a rent certificate necessary to ply their trade falls within the purview of permissible police regulation for the public welfare. The RRO comports with the *Petris Act* which has never been invalidated and promotes the protection of vulnerable tenants potentially subject to unfair rental practices that may violate the RSO. The RRO causes no impact that does not already exist under the RSO – it merely allows for the annual collection of rent data at one point in time. A municipality's police powers includes the ability to limit an economic incentive to engage in a transaction that it reasonably believes poses a risk of harm to vulnerable tenants or has a significant impact on the availability of rental housing. *See Griffin Dev. Co. v. City of Oxnard* (1985) 39 Cal. 3d 256, 262-66. Where, as here, a land use regulation bears a reasonable relationship to the public welfare, it is constitutionally permissible. *Associated Home Builders etc., Inc. v. City of Livermore* (1976) 18 Cal. 3d 582, 604–607. On these grounds, the substantive due process claim should be dismissed.

## 8. No Claim For Injunctive Or Declaratory Relief Has Been Alleged.

The FAC seeks unspecified injunctive relief. The basic requisites for the issuance of equitable relief are the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law. *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974). "The plaintiff must show that

15

DEFENDANT CITY'S MOTION FOR JUDGMENT ON THE PLEADING

he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief... if unaccompanied by any present, on-going effects." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (internal quotation and citation omitted). AGGLA has alleged no facts raising an inference that its members face have sustained any substantial or irreparable injury nor any inadequacy of administrative remedies at law. Nor is there any allegation raising an inference that there exists an actual controversy ripe for review or declaration of rights. On these grounds, for failure to allege a colorable claim for injunctive relief, the Motion should be granted.

Dated: July 26, 2019          MICHAEL N. FEUER, City Attorney
                              CRAIG TAKENAKA, Man. Asst. City Attorney
                              DEBORAH BREITHAUPT, Dep. City Attorney

                              By:_____/s/_____
                                   DEBORAH BREITHAUPT
                                   Deputy City Attorney

                              Attorneys for Defendant City of Los Angeles

16

DEFENDANT CITY'S MOTION FOR JUDGMENT ON THE PLEADING